IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID GLOVER<br>    *Plaintiff*<br>vs<br><br>BNP PARIBAS ENERGY TRADING GP<br>F/K/A FORTIS ENERGY MARKETING<br>& TRADING GP<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED<br>CIVIL ACTION NO. 4:10-CV-03143 |

## PLAINTIFF DAVID GLOVER'S FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff David Glover ("Glover") files this, his First Amended Complaint and Jury Demand, complaining of Defendant BNP Paribas Energy Trading GP f/k/a Fortis Energy Marketing & Trading GP ("BNP Paribas"), and in support thereof respectfully shows the Court as follows:

### I.
### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

### II.
### PARTIES

3. Plaintiff David Glover is a resident of the state of Texas.

4. BNP Paribas Energy Trading GP f/k/a Fortis Energy Marketing & Trading GP, "Defendant," is a general partnership doing business in Texas and has answered and appeared herein.

## III.
## FACTS

5.  Glover was hired by Defendant in February of 2004. During his employment, he led the marketing group for Defendant. Upon accepting a position at BNP Paribas, Glover agreed to receive, consistent with industry practice, a base salary with a production-based performance bonus paid in the first quarter of the following year. After Glover took on management responsibilities in 2006, his bonus structure was enhanced to include incentives based on both individual and team production. Specifically, Glover was to receive an 8% bonus for his personal production and an additional 1.5% bonus for team production. Glover was assured by the managing director, David Duran, Luc Machiels, President, and head of human resources, Marc Dickson that the production bonus calculation was guaranteed. Glover relied upon these representations in his employment with BNP Paribas.

6.  In 2009, given Glover and his team's production numbers for 200 8, Glover should have been paid $710,000 in production bonus. However, Glover only received $560,000. The following year, Glover was entitled to another $490,000 production bonus for 2009 work. Instead, Glover was terminated, without cause, just one day before Defendant announced the 2009 bonuses.

## IV.
## CAUSES OF ACTION

### Breach of Oral Contract

7.  Glover incorporates all preceding paragraphs by reference.

8.  Glover and Defendant entered into a valid and enforceable oral contract. By this contract, the Parties agreed that Glover would received, as part of his employment

compensation, a bonus equal to 8% of his personal production plus an additional 1.5% of his marketing team's production. Defendant failed to pay Glover $150,000 in bonuses earned by Glover for 2008 production and $490,000 for 2009 production. Glover, therefore, has been injured in the amount of at least $640,000 for bonuses earned by Glover but not received.

9. Glover has fully performed his contractual duties under the terms of the contract.

### Promissory Estoppel

10. Glover incorporates all preceding paragraphs by reference.

11. In the alternative, Glover pleads for recovery under the doctrine of promissory estoppel. The Defendant agreed to pay Glover a bonus equal to 8% of his personal production plus an additional 1.5% of his marketing team's production.

12. Glover relied upon this promise by accepting a base salary plus providing additional management of personnel in return for the production-based bonus structure. Glover's reliance upon Defendant's promises was both reasonable and substantial. Glover was paid in accordance with performance-based bonus plans in prior years and Defendant knew, or reasonably should have known that Glover relied upon Defendant's promise and practice in paying bonuses.

13. Glover's reliance upon Defendant's promises resulted in injury to Glover. Specifically, Defendant has withheld at least $640,000 in bonuses earned by Glover for 2008 and 2009 production.

### Quantum Merit

14. Glover incorporates all preceding paragraphs by reference.

15. Glover provided valuable and substantial services to Defendant from which Defendant benefited. Defendant accepted the services provided by Glover and had notice of Glover's expectation of bonus compensation based upon Glover's performance. Defendant's failure to pay Glover the bonuses earned in 2008 and 2009 has resulted in damage to Glover in the amount of $640,000.

### Fraud

16. Glover incorporates all preceding paragraphs by reference.

17. Defendant has committed fraud against Glover. Defendant represented to Glover that he would be paid annual bonuses based on production. Defendant's representations were material as the bonus agreement was central to Glover's decision to work for Defendant.

18. Defendant's conduct amounted to a false representation to Glover as Defendant failed to pay Glover the bonuses he earned in 2008 and 2009.

19. Defendant's representations were made knowingly or recklessly with the intent that Glover rely upon such representations. Glover did in fact rely upon Defendant's representations by accepting employment with Defendant.

20. Defendant's false representations resulted in injury to Glover in the amount of at least $640,000.

### Unjust enrichment

21. Glover incorporates all preceding paragraphs by reference.

22. Through the efforts of Plaintiffs and others in his marketing team, Defendant contribute significant revenue to the Defendant. In 2008, Defendant generated almost $6 million of gross revenue while his team produced almost $21.5 million in gross

revenue. In 2009, Plaintiff produced approximately $5 million in gross revenue for the Defendant and his team produced another $6 million. Plaintiff fully performed his job, which involved production of a combined $39 million in gross revenue for Defendant based on assurances, representations and warranties from Defendant that his performance, singly and in tandem with his team would result in bonus money paid based on this production. Despite Defendant's obligation to compensate Defendant based on his production of these significant revenue dollars, Defendant refused to live up to its end of the bargain and pay to Plaintiff the performance based bonuses as he was entitled. Instead, Defendant retained all of the funds to its own use and benefit, thereby depriving Plaintiff of such rightfully earned performance bonuses. Defendant took advantage of its position as employer to unilaterally refuse to pay the bonus in the amount agreed upon bon uses and instead ter minate Plaintiff the day before 2009 bonuses were paid. Such facts and circumstances entitle Plaintiff to recover from Defendant the amount to which Defendant was unjustly enriched, in the amount of at least $640,000.

## V.
## ATTORNEYS' FEES

23.     Glover seeks recovery of his attorney's' fees and costs pursuant to Tex Bus. & Comm. Code § 38.001, *et seq.* All conditions precedent to recovery of attorneys' fees have been satisfied or waived.

## VI.
## DEMAND FOR JURY TRIAL

Plaintiff David Glover hereby requests a jury trial.

## PRAYER

WHEREFORE, premises considered, Plaintiff David Glover prays that Defendant BNP Paribas be cited to appear and answer, and that, upon final trial, David Glover recover the following:

1. $640,000 in actual damages;
2. exemplary damages in an amount determined by the jury;
3. reasonable and necessary attorneys' fees;
4. costs of court;
5. prejudgment and post-judgment interest at the highest rate available under law; and
6. such further relief to which Glover may be justly entitled.

Respectfully submitted,

IRELAN ❖ HARGIS, P.L.L.C.

_____
Bradford W. Irelan
Federal Bar No.:  13607
440 Louisiana, Suite 1800
Houston, Texas 77002
Telephone:   713-222-7666
Facsimile:     713-222-7669

**ATTORNEY FOR PLAINTIFF
DAVID GLOVER**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2010, a true and correct copy of the foregoing *PLAINTIFF DAVID GLOVER'S FIRST AMENDED COMPLAINT AND JURY DEMAND* was served upon Counsel through Pacer:

Linda C. Schoonmaker
Kendra K. Paul
Seyfarth Shaw LLP
700 Louisiana, Suite 3700
Houston, Texas 77002

_____
Bradford W. Irelan